UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLENE PREMER,

    Plaintiff,

v.

CORESTAFF SERVICES, L.P.,

    Defendant.
_____/

**ORDER**

Plaintiff Charlene Premer seeks entry of a protective order (doc. 39) quashing subpoenas duces tecum Defendant served on third parties, Plaintiff's former employers. The subpoenas seek production of "any and all notes, memoranda, records, and documentation of any nature whatsoever (with the exception of medical records) which regard or reference CHARLENE PREMER . . . including but not limited to her personnel file and her benefit files as well as all records relating to her hiring, her termination, her performance, any disciplinary action received by her in the course of her employment, compensation, benefits and the like." Plaintiff claims the subpoenas are too remote in time (as far back as 1994), overbroad, seek confidential information, and are not reasonably calculated to lead to discovery of admissible evidence.

Defendant maintains the Plaintiff's motion to quash was untimely filed and the documents sought are relevant and reasonably calculated to lead to admissible evidence and to test the veracity of Plaintiff's future deposition testimony and written discovery responses.

In support, Defendant states that while Plaintiff revealed six former employers in response to interrogatory three she disclosed only three of these former employers on her employment application. Defendant seeks to use the information obtained from the subpoenaed records to assist in establishing an after-acquired evidence defense.

Defendant's requests to obtain Plaintiff's entire personnel and benefit files, records relating to her hiring, termination, performance, any disciplinary action received by her in the course of her employment, compensation, and benefits, on its face, are overbroad and are not reasonably calculated to lead to the discovery of admissible evidence. Though the after-acquired evidence doctrine provides employers a mechanism to limit an employee's remedies based on evidence found during discovery, it should not be used as an independent basis to initiate discovery. In *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 363 (1995), the United States Supreme Court recognized a "concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims." Several district courts have limited employers' fishing-expedition style discovery based upon the Court's statements. *See EEOC v. Checkers Drive In Restaurants, Inc.*, 8:03-cv-568-T-24MAP (doc. 46) (granting plaintiffs' motion for protective order and quashing overly-broad third party subpoenas to plaintiffs' former employers); *Preston v. American Express Travel Related Services Co., Inc.*, 3:00CV312-J-25TJC (doc. 17) (stating that the after-acquired evidence doctrine provides no independent basis to initiate discovery of former employers designed to find evidence of past wrongdoing by the employee); *Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002) (limiting employer's non-party subpoenas duces tecum in search of after-

acquired evidence); *Yoscary v. Nederlander Organization, Inc.* 2001 WL 262754 (S.D.N.Y.) (finding defendant's interrogatories intrusive and limiting defendant's discovery of employee's background); *Perry v. Best Lock Corp.*, 1999 WL 33494858, *2 (S.D.Ind.) ("The [*McKennon*] Court's comment about potential abuse clearly implies that discovery is not warranted for the sole purpose of developing a possible after-acquired evidence defense.").

Because there is a discrepancy between Plaintiff's employment application and her interrogatory responses, limited production from her former employers is appropriate. However, even though Defendant argues the records requested may reveal Plaintiff made misrepresentations to it or to her pre-Corestaff employers and that such information would shed light on the her credibility, it has not provided any supporting information substantiating such a broad search. Likewise, Defendant failed to provide any reason to suspect Plaintiff made prior complaints of religious discrimination or retaliation during her previous employment, and thus production of records in this regard is overly intrusive and unnecessary. Accordingly, it is hereby

    ORDERED:

1. The Plaintiff's Corrected Motion to Quash and for Protective Order (doc. 11) is GRANTED and the original subpoenas duces tecum propounded to Raymond James Financial, Randsted Employment Agency, Alps Corporation, Columbia Staffing, Spherion Atlantic Enterprises, and the

        Transportation Security Administration are QUASHED.

2.      The Motion to Quash Subpoenas (doc. 9) is DENIED as moot.

DONE AND ORDERED in chambers at Tampa, Florida this 4th day of August, 2005.

                                                            MARK A. PIZZO
                                                          UNITED STATES MAGISTRATE JUDGE

Copies to:     Raymond James Financial Services
                 Attention: Human Resources
                 880 Carillon Park
                 St. Petersburg, FL 33716

                 Randstad Employment Agency
                 Attention: Human Resources
                 8 Essex Center Drive
                 Peabody, MA 01960

                 Alps Corporation
                 Attention: Human Resources
                 2895 42nd Avenue North
                 St. Petersburg, FL 33714

                 Columbia Staffing
                 Attention: Human Resources
                 4700 Forest Drive, Suite 200
                 Columbia, SC 29206

Spherion Atlantic Enterprises
Attention: Human Resources
2050 Spectrum Blvd.
Ft. Lauderdale, FL 33309

Human Resources- TSA 21
Transportation Security Administration
601 South 12th Street
Arlington, VA 22202-4220